```
 1  BLANK ROME LLP
    Gregory M. Bordo (SBN 156147)
 2  GBordo@BlankRome.com
    Christopher J. Petersen (SBN 251439)
 3  CJPetersen@BlankRome.com
    2029 Century Park East, 6th Floor
 4  Los Angeles, CA  90067
    Telephone:  424.239.3400
 5  Facsimile:   424.239.3434

 6  Attorneys for Third-Party Defendant
    ICONIX BRAND GROUP, INC.
 7
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MOSSIMO HOLDINGS LLC, a Delaware limited liability company,<br><br>                Plaintiff,<br><br>  vs.<br><br>HARRY HARALAMBUS, an individual, ONWARD PACIFIC, LIMITED, a Hong Kong Corporation, THE LAMBUS CORPORATION, a California Corporation, and DOES 1 through 10.<br><br>                Defendants. | Case No. 14-cv-05912-DDP (JEMx)<br><br>**THIRD-PARTY DEFENDANT ICONIX BRAND GROUP, INC.'S ANSWER TO THIRD-PARTY COMPLAINT**<br><br>**DEMAND FOR JURY** |
| THE LAMBUS CORPORATION, a California corporation,<br><br>                Third-Party Plaintiff,<br><br>  vs.<br><br>ICONIX BRAND GROUP, INC., a Delaware corporate, VICTOR SIASAT, an individual; and ROES 1 through 20 (inclusive)<br><br>                Third-Party Defendants | |

521949.00643/100336489v.1

ANSWER TO THIRD-PARTY COMPLAINT

Third-Party Defendant Iconix Brand Group, Inc. ("Defendant") herbey answers the Third-Party Complaint filed by Defendant and Third-Party Plaintiff The Lambus Corporation as follows:

## THE PARTIES

1. Defendant is without sufficient knowledge or information to admit or deny the allegation in ¶ 1.

2. Defendant admits that it is a Delaware corporation. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in ¶ 2.

3. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶ 3.

4. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶ 4.

5. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶ 5.

6. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶ 6.

7. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶ 7.

## SUBJECT-MATTER JURISDICTION

8. Defendant denies the allegations in ¶ 8.

## GENERAL ALLEGATIONS

9. Defendant denies the allegations in ¶ 9.

10. Defendant denies the allegations in ¶ 10.

11. Defendant denies the allegations in ¶ 11.

12. Defendant denies the allegations in ¶ 12.

13. Defendant denies the allegations in ¶ 13.

14. Defendant denies the allegations in ¶ 14.

15. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶ 15.

16. Defendant denies the allegations in ¶ 16.

17. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶ 17.

18. Defendant denies the allegations in ¶ 18.

19. Defendant denies the allegations in ¶ 19.

20. Defendant denies the allegations in ¶ 20.

## FIRST CLAIM

### (Contribution)

### (Against Defendant Siasat and ROES 1-20)

21. Defendant incorporates its responses to the allegations in ¶¶ 1 through 20 of the Complaint as set forth here in full.

22. Defendant admits that the First Amended Complaint brought by Mossimo Holdings alleges claims against Plaintiff for: breach of written contract, conversation, money had and received, fraud, accounting and injunctive relief.

23. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶ 23.

24. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶ 24.

## SECOND CLAIM

### (Fraud)

### (Against Iconix and ROES 1-20)

25. Defendant incorporates its responses to the allegations in ¶¶ 1 through 24 of the Complaint as set forth here in full.

26. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶ 26.

27. Defendant denies the allegations in ¶ 27.

28. Defendant denies the allegations in ¶ 28.
29. Defendant denies the allegations in ¶ 29.
30. Defendant denies the allegations in ¶ 30.
31. Defendant denies the allegations in ¶ 31.

## THIRD CLAIM

### (Unjust Enrichment)

### (Against All Third-Party Defendants)

32. Defendant incorporates its responses to the allegations in ¶¶ 1 through 31 of the Complaint as set forth here in full.
33. Defendant denies the allegations in ¶ 33.
34. Defendant denies the allegations in ¶ 34.
35. Defendant denies the allegations in ¶ 35.
36. Defendant denies the allegations in ¶ 36.

## FOURTH CLAIM

### (Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200)

### (Against All Third-Party Defendants)

37. Defendant incorporates its responses to the allegations in ¶¶ 1 through 36 of the Complaint as set forth here in full.
38. Defendant denies the allegations in ¶ 38.
39. Defendant denies the allegations in ¶ 39.

## FIFTH CLAIM

### (Intentional Interference with Contractual Relations)

### (Against All Third-Party Defendants)

40. Defendant incorporates its responses to the allegations in ¶¶ 1 through 39 of the Complaint as set forth here in full.
41. Defendant denies the allegation in ¶ 41.
42. Defendant is without sufficient knowledge or information to admit or deny the allegations in ¶ 42.

43. Defendant is without sufficient knowledge or information to admit or deny the allegation in ¶ 43.

44. Defendant denies the allegations in ¶ 44.

45. Defendant denies the allegations in ¶ 45.

## SIXTH CLAIM

### (Intentional Interference with Prospective Economic Advantage)

### (Against All Third-Party Defendants)

46. Defendant incorporates its responses to the allegations in ¶¶ 1 through 45 of the Complaint as set forth here in full.

47. Defendant denies the allegations in ¶ 47.

48. Defendant denies the allegations in ¶ 48 as they pertain to Defendant. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in ¶ 48.

49. Defendant denies the allegations in ¶ 49.

## SEVENTH CLAIM

### (Civil Conspiracy)

### (Against All Third-Party Defendants)

50. Defendant incorporates its responses to the allegations in ¶¶ 1 through 49 of the Complaint as set forth here in full.

51. Defendant denies the allegations in ¶ 51.

52. Defendant denies the allegations in ¶ 52.

53. Defendant denies the allegations in ¶ 53.

54. Defendant denies the allegations in ¶ 54.

## REQUEST FOR RELIEF

1. Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. The Complaint fails to state facts sufficient to constitute a claim upon which relief may be granted against Defendant.

### Second Affirmative Defense

2. The Complaint, and each claim alleged therein against Defendant, is barred by the applicable statutes of limitations.

### Third Affirmative Defense

3. The Complaint, and each claim alleged therein against Defendant, is barred because Plaintiff's alleged damages were the result of acts or omission on the part of Plaintiff or a third party for which Defendant is not responsible.

### Fourth Affirmative Defense

4. Plaintiff's damages, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of Defendant did not cause Plaintiff's alleged damages.

### Fifth Affirmative Defense

5. The Complaint, and each claim alleged therein against Defendant, is barred because Plaintiff knowingly and intentionally waived the rights, if any, which it alleges against Defendant.

### Sixth Affirmative Defense

6. Plaintiff is equitably estopped from asserting each claim alleged against Defendant in the Complaint.

### Seventh Affirmative Defense

7. Plaintiff's damages, if any, are offset by monies that Plaintiff improperly received pursuant to the unauthorized and undisclosed sublicenses agreements as alleged in the First Amended Complaint filed by Mossimo Holdings, LLC.

### Eighth Affirmative Defense

8. The Complaint, and each claim asserted against Defendant therein, is barred because Plaintiff consented to each of the acts and omission by Defendant alleged in the Complaint.

### Reservation

9. Defendant intends to rely upon such other and further defenses as may become available during discovery proceedings in this action and hereby reserves its right to amend this Answer to assert such defenses.

DATED: May 28, 2015                    BLANK ROME LLP

                                       By: */s/ Christopher J. Petersen*
                                       Gregory M. Bordo
                                       Christopher J. Petersen

                                       Attorneys for Third-Party Defendant
                                       ICONIX BRAND GROUP, INC.

## DEMAND FOR JURY

Defendant Iconix Brand Group, Inc., hereby demands a trial by jury.

DATED: May 28, 2015          BLANK ROME LLP

By: */s/ Christopher J. Petersen*
Gregory M. Bordo
Christopher J. Petersen

Attorneys for Third-Party Defendant
ICONIX BRAND GROUP, INC.

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | STATE OF CALIFORNIA, COUNTY OF LOS ANGELES |
| 3 |      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 2029 Century Park East, 6th Floor, Los Angeles, California 90067. |
| 5 |      On May 28, 2015, I served the foregoing documents described as: **THIRD-PARTY DEFENDANT ICONIX BRAND GROUP, INC.'S ANSWER TO THIRD PARTY COMPLAINT – DEMAND FOR JURY TRIAL** on the parties in this action by serving: |
| 7 | **SEE ATTACHED SERVICE LIST** |
| 9 | ☒   **By Envelope** - by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as below and delivering such envelopes: |
| 10 | ☒   **By Mail**: As follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |
| 14 | ☐   **By Federal Express**: I caused the envelope(s) to be delivered to the Federal Express office at 2029 Century Park East, Sixth Floor, Los Angeles, California 90067, on May 28, 2015, for delivery on the next-business-day basis to the offices of the addressee(s). |
| 17 | ☐   **By E-Mail Electronic Transmission**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address(es) so indicated below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |
| 19 |      Executed on May 28, 2015, at Los Angeles, California. |
| 20 | ☒   **FEDERA**L  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. |
| 22 | _/s/ Gladys Verduzco_ |
| 23 | Gladys Verduzco |

## SERVICE LIST
***Mossimo Holdings, LLC v. Harry Haralambus, et al.***
United States District Court, Central District of California
Case No.: 2:14-cv-05912

| | |
|---|---|
| Harry Haralambus<br>815 Moraga Drive<br>Second Floor<br>Los Angeles, CA 90049<br>Phone: 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<br>Fax: 310-274-2534 | *In Pro Per* |
| Stephen L. Burton, Esq.<br>Law Offices Stephen L. Burton<br>16133 Ventura Boulevard<br>7th Floor<br>Encino, CA 91436<br>Phone: 818-501-5055<br>Fax: 818-501-5849 | Attorneys for Defendant,<br>**The Lambus Corporation** |

2
PROOF OF SERVICE