1 MARK D. BRUTZKUS - Bar No. 128102
SUSAN S. BAKER - Bar No. 186349
2 EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
3 Woodland Hills, CA 91367
Telephone: (818) 827-9000
4 Facsimile: (818) 827-9099

5 Attorneys for Third Party Defendant, VICTOR SIASET

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MOSSIMO HOLDINGS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>HARRY HARALAMBUS, an individual; ONWARD PACIFIC LIMITED, a Hong Kong corporation; THE LAMBUS CORPORATION; and DOES 1 through 10,<br><br>Defendants. | Case No. 2:14-cv-05912-DDP-JEMx<br><br>[Assigned to the Hon. Dean D. Pregerson]<br><br>**THIRD-PARTY DEFENDANT VICTOR SIASAT'S ANSWER TO THIRD-PARTY COMPLAINT AND AFFIRMATIVE DEFENSES THERETO** |
| THE LAMBUS CORPORATION, a California corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>ICONIX BRAND GROUP, INC., a Delaware corporation; VICTOR SIASET, an individual; and ROES 1 through 20 (inclusive),<br><br>Third-Party Defendants. | |

COMES NOW, third-party defendant VICTOR SIASET ("Defendant"), and answers the Third-Party Complaint of Third-Party Plaintiff THE LAMBUS CORPORATION ("Plaintiff"), as follows:

## THE PARTIES

1. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

2. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

3. Defendant admits that he is an individual residing in the Republic of the Philippines. Defendant denies the remaining allegations of this paragraph.

4. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

5. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

6. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

7. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

## SUBJECT MATTER JURISDICTION

8. Defendant denies the allegations of this paragraph.

## GENERAL ALLEGATIONS

9. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

10. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

11. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

12. Defendant lacks sufficient information or belief to admit or deny the

allegations of this paragraph.

13. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

14. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

15. Defendant denies the allegations of this paragraph.

16. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

17. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

18. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

19. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

20. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

## FIRST CLAIM

### (Contribution)

### (Against Defendant Siasat and ROES 1-20)

21. Defendant incorporates by reference his responses to the allegations in paragraphs 1 through 20 of the Third-Party Complaint as though set forth here in full.

22. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

23. Defendant denies the allegations of this paragraph.

24. Defendant denies the allegations of this paragraph.

/ / /

/ / /

/ / /

## SECOND CLAIM

### (Fraud)

### (Against Iconix and ROES 1-20)

25. Defendant incorporates by reference his responses to the allegations in paragraphs 1 through 24 of the Third-Party Complaint as though set forth here in full.

26. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

27. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

28. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

29. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

30. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

31. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

## THIRD CLAIM

### (Unjust Enrichment)

### (Against All Third-Party Defendants)

32. Defendant incorporates by reference his responses to the allegations in paragraphs 1 through 31 of the Third-Party Complaint as though set forth here in full.

33. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

34. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

35. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

THIRD-PARTY DEFENDANT SIASAT'S ANSWER TO THIRD-PARTY COMPLAINT
CASE NO. 2:14-CV-05912-DDP-JE

1334884

36. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

## FOURTH CLAIM

### (Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200)

### (Against All Third-Party Defendants)

37. Defendant incorporates by reference his responses to the allegations in paragraphs 1 through 36 of the Third-Party Complaint as though set forth here in full.

38. Defendant denies the allegations of this paragraph.

39. Defendant denies the allegations of this paragraph.

## FIFTH CLAIM

### (Intentional Interference with Contractual Relations)

### (Against All Third-Party Defendants)

40. Defendant incorporates by reference his responses to the allegations in paragraphs 1 through 39 of the Third-Party Complaint as though set forth here in full.

41. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

42. Defendant denies the allegations of this paragraph.

43. Defendant denies the allegations of this paragraph.

44. Defendant lacks sufficient information or belief to admit or deny the allegations of this paragraph.

45. Defendant denies the allegations of this paragraph.

## SIXTH CLAIM

### (Intentional Interference with Prospective Economic Advantage)

### (Against All Third-Party Defendants)

46. Defendant incorporates by reference his responses to the allegations in paragraphs 1 through 45 of the Third-Party Complaint as though set forth here in full.

47. Defendant denies the allegations of this paragraph.

48. Defendant denies the allegations of this paragraph.

49. Defendant denies the allegations of this paragraph.

## SEVENTH CLAIM

**(Civil Conspiracy)**

**(Against All Third-Party Defendants)**

50. Defendant incorporates by reference his responses to the allegations in paragraphs 1 through 49 of the Third-Party Complaint as though set forth here in full.

51. Defendant denies the allegations of this paragraph.

52. Defendant denies the allegations of this paragraph.

53. Defendant denies the allegations of this paragraph.

54. Defendant denies the allegations of this paragraph.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State A Claim)**

1. As a separate and first affirmative defense to the Third-Party Complaint and each purported cause of action contained therein, Defendant alleges that the Complaint fails to state facts sufficient to constitute a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

**(Estoppel)**

2. As a separate and second affirmative defense to the Third-Party Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

3. As a separate and third affirmative defense to the Third-Party Complaint and each purported cause of action contained therein, Defendant alleges that each and every purported cause of action asserted in the Complaint is barred by the applicable

statute of limitations including, but not limited to, those embodied in California Code of Civil Procedure sections 338 and 343.

### FOURTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

4. As a separate and fourth affirmative defense to the Third-Party Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff is barred in whole or in part from prosecuting each and every cause of action set forth in the Third-Party Complaint by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

**(Offset)**

5. As a separate and fifth affirmative defense to the Third-Party Complaint and each purported cause of action contained therein, Defendant alleges that, by virtue of the acts of the Plaintiff and/or the persons and/or the entities acting on Plaintiff's behalf, the Defendant has been damaged in an amount equal to or greater than the amount of damages, if any, to which Plaintiff might be entitled. As a result, Defendant is entitled to an offset against any sums found owing to the Defendant from Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

**(Laches)**

6. As a separate and sixth affirmative defense to the Third-Party Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff is barred in whole or in part from prosecuting each and every cause of action set forth in the Complaint by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

**(Justification/Excuse)**

7. As a separate and seventh affirmative defense to the Third-Party Complaint and each purported cause of action contained therein, Defendant alleges that by virtue of the acts of the Plaintiff and/or the persons and/or entities acting on its

1334884

behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint because the acts and/or omissions alleged in the Complaint were justified and/or excused.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

8. As a separate and eighth affirmative defense to the Third-Party Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff's claims, if any, are barred for Plaintiff's failure, and/or the failure of the persons and/or entities acting on its behalf, to mitigate any purported damages.

### NINTH AFFIRMATIVE DEFENSE
### (Waiver)

9. As a separate and ninth affirmative defense to the Third-Party Complaint and each purported cause of action contained therein, Defendant alleges that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of waiver.

### TENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

10. Defendant reserves his right to amend his Answer to assert affirmative defenses based on facts not presently known to him, but which may be discovered during the course of these proceedings.

/ / /

/ / /

/ / /

/ / /

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by reason of its Complaint;

2. That judgment be entered in favor of Defendant;

3. That Defendant recover his costs of suit, and attorneys' fees to the extent recoverable under law, equity, or contract; and

4. For all other relief to which Defendant may be entitled.

Dated: June 26, 2015

EZRA BRUTZKUS GUBNER LLP

By: /s/ Susan S. Baker
SUSAN S. BAKER
Attorneys for, Third Party Defendant,
VICTOR SIASET

9
THIRD-PARTY DEFENDANT SIASAT'S ANSWER TO THIRD-PARTY COMPLAINT
CASE NO. 2:14-CV-05912-DDP-JE

# PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action. My business address is 21650 Oxnard Street, Suite 500 Woodland Hills, CA 91367-4911.

On June 26, 2015, I served the following documents on the persons listed below, as follows: **THIRD-PARTY DEFENDANT VICTOR SIASAT'S ANSWER TO THIRD-PARTY COMPLAINT AND AFFIRMATIVE DEFENSES THERETO**.

## SEE ATTACHED LIST

[x] **By United States mail:** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Woodland Hills, CA.

[ ] **By overnight delivery:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[ ] **By messenger service:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service.

[ ] **By fax transmission:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

[ ] **By e-mail or electronic transmission:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 26, 2015, at Woodland Hills, CA.

*/s/ Susan S. Baker*
Susan S. Baker

1334884

**SERVICE LIST**
Mossimo Holdings LLC vs. Harry Haralambus, et al.
Case No. 2:14-cv-05912-DDP-JEMx

| | |
|---|---|
| Harry Haralambus<br>815 Moraga Drive<br>Second Floor<br>Los Angeles, CA 90049 | In Pro Per<br>Telephone:  (310) 274-2524<br>Facsimile:   (310) 274-2534 |
| Stephen L. Burton<br>Law Offices of Stephen L. Burton<br>16133 Ventura Boulevard, 7th Floor<br>Encino, CA  91436 | Attorneys for Defendant HARRY HARALAMBUS and Third Party Plaintiff THE LAMBUS CORPORATION<br>Telephone: (818) 501-5055<br>Facsimile:   (818) 501-5849<br>E-mail:   steveburtonlaw@aol.com |
| Gregory M. Bordo<br>Christopher J. Petersen<br>BLANK ROME LLP<br>2029 Century Park East, 6th Floor<br>Los Angeles, CA 90067 | Attorneys for Plaintiff MOSSIMO HOLDINGS, LLC and Third Party Defendant ICONIX BRAND GROUP, INC.<br>Telephone:  (424) 239-3400<br>Facsimile:   (424) 239-3434<br>Email:   GBordo@BlankRome.com<br>             CJPetersen@BlankRome.com |

1334884